```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,      :
          Plaintiff
                               :

          vs.                  :    CRIMINAL NO.  1:CR-96-106

                               :
WILLIE TYLER,
          Defendant            :
```

*M E M O R A N D U M*

I.   *Introduction*

The defendant, Willie Tyler, is serving a sentence of life imprisonment on an August 2000 conviction for tampering with a witness by murdering her. He has filed a pro se motion raising

claims that challenge his conviction and sentence. As authority for the motion, he invokes the All Writs Act, 28 U.S.C. § 1651, more specifically, the common law writs of coram nobis and audita querela. He also invokes Fed. R. Civ. P. 60(b).

Defendant makes the following claims. First, there were violations of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), when the indictment did not charge him with first-degree murder and when the court, rather than the jury, found that he had committed

first-degree murder, using a preponderance-of-the-evidence standard, rather than a reasonable-doubt standard, thereby leading to a sentence of life.[1] Second, the indictment was ambiguous because it charged Defendant with killing the witness but not with the offense the government intended to prosecute him for, first-degree murder. Third, the sentence violated the Eighth Amendment because it was in excess of the statutory maximum that could have been imposed on the jury's finding alone, a term of years rather than life. Fourth, the life sentence violates the Equal Protection Clause because it differs from sentences given to similarly situated defendants.

The government has filed a response.  We will deny the motion.

II.     *Background*

In April 1996, Defendant was indicted on four counts, among them a charge under 18 U.S.C. § 1512(a)(1)(A) of tampering with a witness by killing her. He was found guilty on all counts, but on direct appeal the Third Circuit instructed us to determine if he should be granted a new trial for a violation of

---

[1] Defendant attempts to turn this into a statutory-violation claim, asserting that we violated 18 U.S.C. § 1111 (2000), the statutory definition of first-degree murder in effect at the time of his offense. (Doc. 302, Supp. Br., pp. 21-22). However, Defendant relies on *Booker* and *Apprendi* in making the argument so we conclude that it is really a *Booker-Apprendi* claim.

2

his *Miranda* rights. *United States v. Tyler*, 164 F.3d 150 (3d Cir. 1998). On remand, we granted a new trial.

On retrial, in August 2000 a jury again found Defendant guilty, among other charges, of tampering with the witness. Along with the elements of the offense, we instructed the jury on second-degree murder. The jury returned a verdict that the tampering had been accomplished by murder, without specifying the degree. Pursuant to the sentencing guidelines, we sentenced him to life in prison on that charge after we concluded at the sentencing hearing that the guideline section applicable to the offense was U.S.S.G. § 2A1.1, first-degree murder. Defendant's direct appeal was denied. *United States v. Tyler*, 281 F.3d 84 (3d Cir. 2002). In October 2002, his petition for a writ of certiorari was denied. 537 U.S. 858, 123 S.Ct. 227, 154 L.Ed.2d 95 (2002).

In June 2003, Tyler filed a motion under 28 U.S.C. § 2255 to vacate his conviction and sentence. He presented six claims for relief, including the first three claims in the instant motion. In August 2003, we denied the motion. In October 2003, we denied Defendant's motion to alter or amend under Fed. R. Civ. P. 59(e). In August 2004, we denied his motion for relief from judgment under Fed. R. Civ. P. 60(b), which sought relief from the order denying the motion to alter or amend. Consolidating Defendant's appeals of our orders denying the Rule

3

59(e) and 60(b) motions, the Third Circuit affirmed. *United States v. Tyler*, 207 Fed. Appx. 173 (3d Cir. 2006)(nonprecedential). Notably, the court of appeals rejected the *Apprendi* claim, reasoning as follows:

> In convicting Tyler of tampering with a witness by murder, the jury necessarily had to find the elements that Tyler committed murder and that the murder was motivated by a desire either to prevent the witness from testifying or to prevent her from communicating with law enforcement officers. The District Court defined murder in its instructions as requiring killing with malice, or killing intentionally. Although the District Court did not expressly differentiate between first and second degree murder in its instructions, the instructions and the subsequent findings of the jury encompassed the elements of first degree murder. Therefore, the District Court's finding of first degree murder at sentencing was supported by the findings of the jury.

*Id.* at 176. The court also gave a second reason for denying the *Apprendi* claim: the sentence did not exceed the statutory maximum for second-degree murder since second-degree murder could also be punished by life imprisonment. *Id.*[2]

---

[2] After *Apprendi* was decided, the Supreme Court made clear that it applies to any factual finding allowing a sentence increase, eliminating the statutory-maximum element. *See Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed. 2d 403 (2004). In *Booker*, *supra*, the Supreme Court extended *Blakely* to federal sentencing, allowing the use of the federal sentencing guidelines only in an advisory capacity.

III.  *Discussion*

    A.  *Defendant Cannot Rely on Coram Nobis and Audita Querela*

As noted, Defendant invokes coram nobis in making his motion. A defendant in a criminal case may use coram nobis to challenge his conviction when: (1) he "has served his sentence and is no longer 'in custody' for purposes of 28 U.S.C. § 2255"; and (2) he is suffering "continuing consequences" from the conviction. *United States v. Stoneman*, 870 F.3d 102, 105-06 (3d Cir. 1989). Defendant cannot satisfy the first part of this test. He is still in custody on his conviction. Hence, he cannot rely on coram nobis. *See United States v. Baptiste*, 223 F.3d 188, 189 (3d Cir. 2000(coram nobis unavailable to a defendant who was still in custody on the conviction being challenged).

Additionally, the claims Defendant raises challenge his conviction and sentence. As such, they have to be presented by way of a section 2255 motion. *See Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002). However, Defendant previously filed a 2255 motion, so he has to seek permission from the court of appeals before filing a second or successive 2255 motion. 28 U.S.C. § 2255 ¶ 8. Coram nobis cannot be used to evade this requirement. *Baptiste*, *supra*, 223 F.3d at 189-90.

Defendant has also invoked audita querela. But just as with coram nobis, audita querela cannot be used to avoid the

5

procedural requirement of obtaining permission from the court of appeals to file a second 2255 motion. *United States v. Reaves*, 177 Fed. Appx. 213, 213-14 (3d Cir. 2006)(per curiam)(nonprecedential) (citing *Baptiste*, *supra,* 223 F.3d at 189-90); *United States v. Hannah*, 174 Fed. Appx. 671, 673 (3d Cir. 2006)(per curiam) (nonprecedential).[3]

Defendant contends he may resort to coram nobis and audita querela because section 2255 is "inadequate or ineffective" to present his claims. He cites, among other cases, *In re Dorsainvil*, 119 F.3d 245 (3d Cir. 1997), in arguing that he can rely on these common-law writs when section 2255 is "unavailab[le]." (Doc. 302, Supp. Br., p. 7).

Section 2255 permits a defendant to file "[a]n application for a writ of habeas corpus" . . . if it "appears that the remedy by [a section 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255 ¶ 5.[4] This "safety valve" is extremely narrow and has only been applied in unusual situations, such as those in which a

---

[3] Defendant relies on *United States v. Morgan*, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954), to support use of coram nobis and audita querela. In *Hannah*, the defendant also cited *Morgan*, but it did not persuade the court.

[4] The statute speaks of an "application for a writ of habeas corpus," not of an application for other writs like coram nobis or audita querela, but we need not address that potential obstacle to use of the latter writs.

prisoner has had no prior opportunity to challenge his conviction for conduct later deemed to be noncriminal by a change in law. *Okereke*, *supra*, 307 F.3d at 120 (citing *In re Dorsainvil*, 119 F.3d at 251). "Section 2255 is not inadequate or ineffective merely because . . . the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Cradle v. United States*, 290 F.3d 536, 539 (3d Cir. 2002).

Defendant does not say why section 2255 was unavailable to pursue his claims. Elsewhere in his supporting brief, he contends that from the time of his trial through his 2255 proceedings the law was settled that a finding on the degree of murder was considered a sentencing factor and not an issue for the jury. If this is what he means by "unavailable," implying that section 2255 was unavailable because the relevant case law had not yet been decided, it does not allow use of the safety valve. *See Okereke, supra*, 307 F.3d at 120 (section 2241 was not available to raise an *Apprendi* claim simply because *Apprendi* had not been decided at the time the defendant had filed his 2255 motion); *Estupinan v. Nash*, 186 Fed. Appx. 196, 197-98 (3d Cir. 2006) (per curiam) (nonprecedential) (citing *Okereke* in ruling that section 2241 was not available to make a *Booker* challenge to a 1988 conviction).

B.  *Defendant Cannot Invoke Fed. R. Civ. P. 60(b)*

Defendant also relies on Fed. R. Civ. P. 60(b)(4), (5), and (6), arguing that he is only seeking to reopen his 2255 proceedings because of a defect in the integrity of those proceedings. He cites in support *Gonzalez v. Crosby*, 545 U.S. 524, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005).

The Supreme Court did state in *Gonzalez* that a Rule 60(b) motion is available to "attack[ ]" . . . some defect in the integrity of the federal habeas proceedings." *Id.* at 532, 125 S.Ct. at 2648.[5] However, we disagree that the claims Defendant presents go to the integrity of our order denying his 2255 motion and our order denying his subsequent motion to alter or amend that order.

As *Gonzalez* also recognized, if a Rule 60(b) motion raises a claim that attacks the defendant's criminal conviction, it must be treated as a second or successive 2255 motion so the limitations on filing such a motion are not circumvented. *Id.* at 531, 125 S.Ct. at 2647. In the instant case, all four claims attack Defendant's conviction and sentence. They therefore cannot be raised by way of Rule 60(b).

---

[5] *Gonzalez* dealt with a state prisoner's 28 U.S.C. § 2254 petition but applies to section 2255 motions as well. *See Schweitzer v. United States*, 215 Fed. Appx. 120, 123 (3d Cir. 2007)(per curiam)(nonprecedential).

8

IV.   Conclusion

Based on our analysis above, we do not reach the merits of the motion. However, we do note that on the appeal dealing with the 2255 proceedings, the Third Circuit made two significant rulings. First, it decided that the jury's verdict encompassed a finding that Defendant's offense of tampering with a witness had been accomplished with the intent to commit first-degree murder. Second, it decided that this jury finding supported our conclusion at sentencing that Defendant had committed first-degree murder. *Tyler*, *supra*, 207 Fed. Appx. 173, 176. These rulings would defeat Defendant's *Booker* claim, as it did his *Apprendi* claim in that appeal.

We will deny a certificate of appealability for the Rule 60(b) motion, based on the analysis in this memorandum, since it was really an attempt to file a second 2255 motion. However, Petitioner is advised that he has the right for sixty (60) days to appeal our order denying his Rule 60(b) motion, *see* 28 U.S.C. § 2253(a), and that our denial of a certificate of appealability does not prevent him from doing so, as long as he also seeks a certificate of appealability from the court of appeals. *See* Federal Rule of Appellate Procedure 22.

Defendant does not need a certificate of appealability to appeal the denial of his attempt to invoke coram nobis and audita querela.  See *Baptiste*, *supra*, 223 F.3d at n 1.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: August 13, 2007

```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA,      :
         Plaintiff
                               :

         vs.                   :   CRIMINAL NO.  1:CR-96-106

                               :
WILLIE TYLER,
         Defendant             :
```

*O R D E R*

AND NOW, this 13th day of August, 2007, it is ordered that:

    1. Defendant's motion (doc. 301) for relief from judgment is denied.

    2. A certificate of appealability for the denial of the motion as it invoked Fed. R. Civ. P. 60(b) is denied.

                              /s/William W. Caldwell
                              William W. Caldwell
                              United States District Judge