IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,  :
    Plaintiff
                                  :

    vs.                      :    CRIMINAL NO. 1:CR-96-106
                                  :

WILLIE TYLER,
    Defendant           :

*M E M O R A N D U M*

    The pro se defendant, Willie Tyler, has moved us to consider his reply brief, filed August 21, 2007, as a motion under Fed. R. Civ. P. 59(e) to alter or amend our order of August 13, 2007, denying his motion for relief from judgment.[1] The latter motion challenged Defendant's conviction and his sentence of life imprisonment. It invoked the common-law writs of coram nobis and audita querela, as well as Fed. R. Civ. P. 60(b).

    In denying that motion, we decided that coram nobis, audita querela and Rule 60(b) were unavailable to Defendant mainly because their use would sidestep the requirement of 28 U.S.C. § 2255 that Defendant seek permission from the court of appeals

---

[1] Our August 13 order was entered before the reply brief was filed.

before filing a second 2255 motion. *See United States v. Tyler*, 2007 WL 2319796 (M.D. Pa.).[2]

In moving to alter or amend, Defendant's principal support for allowing the motion to proceed is *Trenkler v. United States*, 2007 U.S. Dist. Lexis 11802 (D. Mass. Feb. 20, 2007), where the district court allowed a defendant to use a coram nobis motion to challenge a sentence of life imprisonment even though section 2255 prohibited a second 2255 motion. We will not follow *Trenkler* because the standard it used to consider the coram nobis motion is different from the Third Circuit's and because the court also found it significant that the government did not oppose Trenkler's motion.

We thus adhere to our previous ruling. We therefore do not reach the merits, but we do make the following observations. Defendant asserts there was fundamental error justifying coram nobis relief because the court, rather than the jury, found that he had committed first-degree murder, using a preponderance-of-the-evidence standard, rather than a reasonable-doubt standard. In his motion to alter or amend, he emphasizes that this is not an *Apprendi* claim, which he characterizes as one involving only

---

[2] We also observed, in any event, that Defendant's claim under *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), had no merit. 2007 WL 2319796, at *3.

improper judicial fact-finding. (Doc. 305, p. 1). He cites in support *United States v. Cordoba-Murgas*, 422 F.3d 65 70 (2nd Cir. 2005), and *United States v. Tran*, 234 F.3d 798 (2nd Cir. 2000). It is sufficient to note that those cases were in a different procedural posture, having been decided on direct appeal.

      Defendant also argues that there was fundamental error because the indictment did not charge him with an essential element of the crime, first-degree murder. According to Defendant, this defect means we had no jurisdiction over his case. He cites in support *Ex Parte Bain*, 121 U.S. 1, 7 S.Ct. 781, 30 L.Ed. 849 (1887), and *Stirone v. United States*, 361 U.S. 212, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960). However, whatever support these cases may have given Defendant was taken away by *United States v. Cotton*, 535 U.S. 625, 630, 122 S.Ct. 1781, 1785, 152 L.Ed.2d 860, 867 (2002), where the Supreme Court held that defects in an indictment do not deprive a district court of jurisdiction to adjudicate a criminal case. *See also Romero v. Samuels*, 205 Fed. Appx. 967, 968 (3d Cir. 2006)(per curiam) (nonprecedential) (citing *Cotton* in rejecting an argument that section 2241 could be used after unsuccessful section 2255 proceedings when challenge to the conviction was based on a claim that indictment was jurisdictionally defective for failing to charge an offense).

   We will issue an appropriate order.

              <u>/s/William W. Caldwell</u>
               William W. Caldwell
               United States District Judge

Date: August 27, 2007

```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA,      :
        Plaintiff
                               :

        vs.                    :   CRIMINAL NO.  1:CR-96-106

                               :
WILLIE TYLER,
        Defendant              :
```

*O R D E R*

AND NOW, this 27th day of August, 2007, it is ordered that Defendant's motion (doc. 305) to alter or amend our order of August 13, 2007, styled as his reply brief, is denied.

<u>/s/William W. Caldwell</u>
William W. Caldwell
United States District Judge