IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| vs. : | |
| : | CRIMINAL NO. 1:CR-96-0106 |
| WILLIE TYLER, : | |
| Defendant : | (Judge Caldwell) |
| : | |
| : | |
| : | |

*M E M O R A N D U M*

This case is here on remand from the Third Circuit, and we have scheduled it for another trial in February 2017.  In a memorandum and order filed today, we denied one of Defendant's motions to dismiss the indictment, which argued that a retrial was barred on the basis of the Fifth Amendment's Double Jeopardy Clause.  An order denying a motion seeking to avoid trial on double jeopardy grounds is immediately appealable.  *Abney v. United States*, 431 U.S. 651, 662, 97 S.Ct. 2034, 2042, 52 L.Ed.2d 651 (1977).  We are considering the government's motion requesting that we find that any double jeopardy appeal would be frivolous, thereby allowing us to continue to exert jurisdiction over the case and to proceed to trial even if Defendant files an appeal of the double jeopardy ruling.  The government cites *United States v. Leppo*, 634 F.2d 101 (3d Cir. 1980), where the Third Circuit held that "an appeal from the denial of a double jeopardy motion does not divest the district court of jurisdiction to proceed with trial, if the district court has found the motion to be frivolous and supported its conclusions by written

findings." *Id.* at 105. In those circumstances, "both the district court and court of appeals . . . have jurisdiction to proceed." *Id.*[1] Defendant opposes the motion.

In his motion to dismiss the indictment, Defendant made two arguments based on the Double Jeopardy Clause. First, he had already been subjected to jeopardy for the same offense when he was tried in May 1993 in Pennsylvania state court for criminal homicide and lesser charges. We rejected this argument on the basis of the dual sovereignty doctrine, which provides that "prosecution of the same crime in both the federal and state systems does not violate the Double Jeopardy Clause." *United States v. Wilson*, 413 F.3d 382, 389 (3d Cir. 2005).

Second, citing *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), Defendant contended the Double Jeopardy Clause barred another trial after we vacated his convictions because the vacatur of the convictions was the equivalent of granting a motion for a judgment of acquittal on the basis of insufficient evidence, and the Double Jeopardy Clause bars retrial on such an acquittal. We rejected the argument because the Double Jeopardy Clause does not prevent a retrial for a defendant who succeeds in getting his conviction set aside because of trial error in the previous proceedings. We cited *Lockhart v. Nelson*, 488 U.S. 33, 38, 109 S.Ct. 285, 289, 102 L.Ed.2d 265 (1988), and *United States v. Scott*, 437 U.S. 82, 90-91, 98 S.Ct. 2187, 2193-94, 57 L.Ed.2d 65 (1978).

---

1 The general rule is that the filing of a notice of appeal divests the trial court of jurisdiction over the case. *Id.* at 104.

An interlocutory appeal of a double jeopardy ruling is colorable when there is some possible validity to the appeal.  *See Richardson v. United States*, 468 U.S. 317, 322, 326 n.6, 104 S.Ct. 3081, 3084, 3086 n.6, 82 L.Ed.2d 242 (1984)(appealability of a double jeopardy claim "depends upon its being at least 'colorable,'" which "presupposes that there is some possible validity to a claim").  Here, based on Defendant's opposition to the government's motion, it appears that Defendant would file an appeal challenging only the ruling based on the dual sovereignty doctrine.  Defendant contends that an appeal of that ruling would be "colorable," not frivolous, because over the years some Supreme Court justices have expressed dissatisfaction with the doctrine.  Defendant cites *Bartkus v. Illinois*, 359 U.S. 121, 155-56, 79 S.Ct. 676, 698, 3 L.Ed.2d 684 (1959)(Black, J., dissenting); *Heath v. Alabama,* 474 U.S. 82, 102 n.3, 106 S.Ct. 433, 444 n.3, 88 L.Ed.2d 387 (1985)(Marshall, J., dissenting); and *Puerto Rico v. Sanchez Valle*, ___ U.S. ___, ___, 136 S.Ct. 1863, 1877, 195 L.Ed.2d 179 (2016)(Ginsburg, J., concurring).  Since there is a colorable claim, Defendant contends this court should not proceed with the case but await a decision from the court of appeals.

We agree with the government that Defendant's double jeopardy claim concerning federal and state prosecutions of the same offense is frivolous.  A claim is frivolous if it lacks an arguable basis in law or fact.  *See Chambers v. Dauphin Cnty. Bd. of Inspectors*, No. 16-CV-1732, 2016 WL 6432934, at *1 (M.D. Pa. Oct. 31, 2016) (Caldwell, J.)("A complaint is frivolous if it lacks an arguable basis either in law or fact."); *United States v. Wilkes*, 368 F. Supp. 2d 366, 368 n.6 (M.D. Pa. 2005); *United States v.*

*Roland*, No. 11-CR-630, 2012 WL 2178709, at *6 (D.N.J. June 13, 2012)(a nonfrivolous double jeopardy claim must have a basis in law or fact).

Here, Defendant's double jeopardy claim is frivolous because it has no basis in law, being a position that the Supreme Court has consistently rejected over a long period of years.  *See Roland*, 2012 WL 2178709, at *2-3 (surveying pertinent Supreme Court and Third Circuit cases discussing the dual sovereignty doctrine).  There is no possible validity to such a claim, at least one that a lower court can recognize in its frivolousness determination.

We will therefore grant the government's motion to recognize Defendant's double jeopardy claim as being frivolous and to continue to exercise jurisdiction over this case.[2]

                                      /s/William W. Caldwell
                                      William W. Caldwell
                                      United States District Judge

Date: November 15, 2016

---

[2] If Defendant raises on appeal his other double jeopardy claim, we also find that claim is frivolous as it is well settled that retrial after a conviction is vacated based on trial error is not barred by the Double Jeopardy Clause.